

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS
April 1, 1957

WILL WILSON
ATTORNEY GENERAL

*Overruled by*
*Gordon v. Lake — 2d —*
*356 SW 2d 138 (1962)*

*Strickland* and *v. Lake*
*2d — 357 SW 2d*
*282 (1962)*

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-77

Re: Authority of the office of the
Secretary of State to accept
and file the charter of a pro-
posed corporation containing
a stated purpose clause.

Dear Mr. Steakley:

Your request for the opinion of this office is in part
as follows:

"The opinion of your office is respectfully re-
quested concerning the authority of this office to ac-
cept and file the charter of a proposed corporation
containing a purpose clause stated as follows:

"'The purpose for which it is formed is to accumu-
late and loan money, to sell and deal in notes, bonds
and securities; to act as Trustee under any lawful ex-
press trust committed to it by contract and as agent
for the performance of any lawful act; to subscribe for,
purchase, invest in, hold, own, assign, pledge, and oth-
erwise deal in and dispose of shares of capital stock,
bonds, mortgages, debentures, notes and other securities
(as) obligations, contracts and evidences of indebted-
ness of foreign or domestic corporations not competing
with each other in the same line of business; to borrow
money or issue debentures for carrying out any or all
purposes above enumerated; but without banking or in-
surance privileges or as authorized by Article 1303b of
the Texas Revised Civil Act of 1925.'

"I find the departmental construction of this of-
fice to have been as follows:

"a. That the Texas Business Corporation Act,
V.A.T.S., Articles 1.01, et seq, does not apply to Ar-
ticle 1303b, V.C.S. corporations under the exclusion
therefrom of 'trust companies' in Article 2.01 B(4)(b)
and Article 9.14;

"b. That Articles 9.14, 9.15 and 9.16 of the

Business Corporation Act do not repeal Article 1303b and it is my understanding that this office in past administrations has accepted and filed proposed charters with a purpose clause stated in the terms of Article 1303b;

"c. That charters have also been presented to the office and accepted for filing with a purpose clause in the terms of Article 1303b except with the following Article 1303b language omitted: 'to act as Trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter, and as agent for the performance of any lawful act.'"

It is noted that the proposed purpose clause is identical in language with the provisions of Article 1303b, Vernon's Civil Statutes, with the exception of the addition of the phrase "or as authorized by Article 1303b of the Texas Revised Civil Act of 1925."

You state that your departmental construction has been that the Texas Business Corporation Act does not apply to Article 1303b, V.C.S., corporations under the exclusion therefrom of "trust companies" by Article 2.01 B (4) (b) and Article 9.14. It is assumed that such departmental construction is based in part upon the opinion of the Austin Court of Civil Appeals in Carney v. Sam Houston Underwriters, 272 S.W. 2d 942 (1954, error ref. n.r.e.), which held that a corporation having broad and substantial trust powers is a "trust company." The broad and substantial powers referred to seem to be based upon the phraseology of Article 1303b, V.C.S., "to act as Trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter, . . .", which is one of the purpose clauses authorized therein, and which is contained in the proposed purpose clause set forth in your letter of request.

The Secretary of State is entirely correct in his departmental construction that the Texas Business Corporation Act does not apply to "trust companies" by reason of Article 2.01 B (4) (b) and Article 9.14 of the Act, and as a matter of law under the Act the Secretary of State is prohibited from approving a charter or amendment thereto which would create a corporation with trust powers. Since the proposed purpose clause contains a purpose clause authorizing the proposed corporation to exercise trust powers, the corporation would become a "trust company" within the purview of Article 2.10 B (4) (b) and Article 9.14, and fall within the definition contained in the opinion in Carney v. Sam Houston Underwriters, supra.

It is the opinion of this office that the approval by the Secretary of State of a charter containing the purpose clause set forth in your letter of request would violate the provisions of the Texas Business Corporation Act, and that your office is not authorized to approve such charter as a matter of law.

You have construed the provisions of the Texas Business Corporation Act, and particularly Articles 9.14, 9.15 and 9.16 thereof as not repealing Article 1303b, V.C.S., and state that charters with the purpose clause contained in Article 1303b have been approve by prior administrations. It is our opinion that such construction is in error.

Article 9.14 D of the Act provides in part as follows:

"Except for the exceptions and limitations of Section A of this Article, this Act shall apply to all domestic corporations organized after the date on which this Act becomes effective. . . ."

Article 9.16 A of the Act provides as follows:

"A. Subject to the provisions of the two last preceding Articles of this Act and of Section C of Article 2.02 of this Act and Section B of this Article, and excluding any existing general act not inconsistent with any provision of this Act, no law of this State pertaining to private corporations, domestic or foreign, shall hereafter apply to corporations organized under this Act, or which obtain authority to transact business in this State under this Act, or to existing corporations which adopt this Act."*

Therefore, if Article 1303b has not been repealed by the provisions of Article 9.16 A, it must fall within the provisions of Article 9.15 B, which reads as follows:

"Except as provided in Section B of Article 9.16 of this Act, any special limitations, obligations, liabilities, and powers, applicable to a particular kind of corporation for which special provision is made by the laws of this State, including (but not excluding other corporations) those corporations subject to supervision under Article 1524a of the Revised Civil Statutes of Texas, shall continue to be applicable to any

---

*Emphases throughout are supplied.

such corporation, and <u>this Act is not intended to
repeal and does not repeal the statutory provisions
providing for these special limitations, obligations,
liabilities, and powers.</u>

Section 1 of Article 1524a, V.C.S., is in part as follows:

> "<u>This Act shall embrace corporations</u> heretofore created and hereafter created having for their
> purpose or purposes any or all of the powers now authorized in Subdivisions 48, 49 or 50 of Article 1302,
> Revised Civil Statutes of Texas, 1925, and <u>heretofore
> or hereafter created having in whole or in part any
> purpose or purposes now authorized</u> in Chapter 275,
> Senate Bill Number 232 of the General and Special Laws
> of the Regular Session of the 40th Legislature. (Art.
> 1303b, V.C.S.)

This section specifically embraces all corporations which have,
in whole or in part, any <u>purpose or purposes</u> authorized under
the provisions of Article 1303b. It may be noted that Article
1303b, V.C.S., embraces all of the purpose clauses authorized
by law under subdivisions 48, 49 and 50 of Article 1302, Revised
Civil Statutes, 1925.

Article 2.01 A of the Texas Business Corporation Act provides in part as follows:

> "Except as hereinafter in this Article excluded
> herefrom, corporations for profit may be organized
> under this Act for <u>any lawful purpose</u> or <u>purposes,</u>
> which purposes shall be fully stated in the articles
> of incorporation."

All of the purposes contained in Article 1303b were lawful purposes as originally enacted by the Legislatures of Texas,
and still remain lawful purposes for which a corporation may be
organized under the Act, with the exception of the purpose clause
giving the corporation trust powers. As has been noted above,
the Secretary of State is prohibited by law from issuing a charter
to any "trust company."

Under the provisions of Article 1524a, V.C.S., any corporation whose charter contains any of the purpose clauses set forth
in Article 1303b, is subject to the supervision of the Banking
Commissioner, even though the principal purpose for which the corporation is formed may not be one of the purpose clauses named
therein. The provisions of Article 9.15 B of the Act evidence
the legislative intent to continue supervision by the Banking
Commissioner over all corporations created prior to the enactment

of the Texas Business Corporation Act, as well as those subject to the provisions of the Act after its enactment, where such corporations were organized for any of the purposes contained in Subdivisions 48, 49, and 50 of Article 1302, Revised Civil Statutes of Texas, or Article 1303b, V.C.S., irrespective of the basic statutory law authorizing its organization for such purpose.

It is the opinion of this office that under the repealing clauses of the Texas Business Corporation Act above set forth, Article 1303b, Vernon's Civil Statutes, was repealed insofar as it permits the organization of a corporation thereunder, but that a corporation may be organized under the Act whose charter contains any or all of the purpose clauses named in Article 1303b, Vernon's Civil Statutes, except the purpose clause giving the corporation trust powers. In this connection, that part of the proposed purpose clause contained in your request which reads: "or as authorized by Article 1303b of the Texas Revised Civil Act of 1925", is surplusage, since we have held that Article 1303b, Vernon's Civil Statutes, was repealed by the Texas Business Corporation Act.

## SUMMARY

A corporation may be formed under the Texas Business Corporation Act with a purpose clause authorizing the corporation to engage in the business of accumulating and loaning money; selling and dealing in notes, bonds and securities; to subscribe for, purchase, invest in, hold, own, assign, pledge, and otherwise deal in and dispose of shares of capital stock, bonds, mortgages, debentures, notes, and other securities or obligations, contracts and evidences of indebtedness of foreign and domestic corporations not competing with each other in the same line of business; to borrow money or issue debentures for carrying out any or all of the purposes above enumerated; but without banking or insurance privileges.

A corporation may not be organized under the Texas Business Corporation Act whose charter contains a purpose clause authorizing it to act as trustee under any lawful express trust permitted to it by contract or will, or under appointment of any court having jurisdiction of the subject matter

Article 1303b, Vernon's Civil Statutes, was repealed by the Texas Business Corporation Act insofar as the organization of a corporation thereunder is now authorized.

Very truly yours,

WILL WILSON
Attorney General


By: s/C.K. Richards
     C.K. Richards
     Assistant

CKR:lm:wc

APPROVED:
OPINION COMMITTEE

H. Grady Chandler, Chairman